NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**TEAM HALL VENTURE, LLC, DBA LIMEBERRY FROZEN YOGURT,**
*Appellant*

**v.**

**ARMY AND AIR FORCE EXCHANGE SERVICE,**
*Appellee*

———————————

2018-2283

———————————

Appeal from the Armed Services Board of Contract Appeals in No. 60823, Administrative Judge J. Reid Prouty, Administrative Judge Richard Shackleford, Administrative Judge Timothy Paul McIlmail.

———————————

Decided:  March 12, 2020

———————————

JAMES CREEDON, Creedon PLLC, Frisco, TX, argued for appellant.

JOSEPH ALAN PIXLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for appellee.  Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., DOUGLAS K. MICKLE; DANA J. CHASE, BRUCE H. ROBINSON,

Contract and Fiscal Law Division, United States Army Legal Services Agency, Fort Belvoir, VA.

————————————

Before REYNA, WALLACH, and HUGHES, *Circuit Judges.*

PER CURIAM.

Team Hall Venture, LLC, appeals from a decision of the Armed Services Board of Contract Appeals (ASBCA) denying its appeal from a final decision by the Army and Air Force Exchange Service. In its final decision, the Exchange awarded partial payment on a claim arising from the early termination of Team Hall's military base concession contract. After the parties agreed to terminate the ten-year concession contract early, they executed a Contract Amendment that further shortened the contract period by moving the termination date from July 17, 2016, to June 30, 2016, at Team Hall's request.

The ASBCA denied Team Hall's appeal of the Exchange's final decision, finding any claim for additional damages waived by the following general release clause contained in the Contract Amendment:

> The contractor hereby releases the Army and Air Force Exchange Service (the Exchange) from any and all obligations related to this contract, and waives any claim against the Exchange for monetary or other relief to this contract, including any that may arise in the future, to include the time period of 1-17 July 2016.

Supp. App. 38 ¶ 4(c).

In this appeal, Team Hall argues that (1) this release clause is ambiguous as to whether it bars all claims under the contract or only claims arising between July 1–17, 2016, and (2) that ambiguity should be resolved against the Exchange as the drafter of the contract.

Contract interpretation by the ASBCA is a question of law, which we review de novo. *Ingham Reg'l Med. Ctr. v. United States*, 874 F.3d 1341, 1346 (Fed. Cir. 2017); *see Gardiner, Kamya & Assocs., P.C. v. Jackson*, 467 F.3d 1348, 1353 (Fed. Cir. 2006) (whether contract language is ambiguous is a question of law which we review without deference); *see also Bell BCI Co. v. United States*, 570 F.3d 1337, 1341 (Fed. Cir. 2009) (release clauses are interpreted just like any other contract term or provision).

We find no ambiguity in this release clause. By its plain language, this clause released the Exchange from "any and all obligations" under the contract; and by signing the Contract Amendment, Team Hall "waive[d] *any claim* against the Exchange for monetary or other relief to this contract." Supp. App. 38 ¶ 4(c) (emphasis added). The additional specification that any claims arising within the future period of July 1–17, 2016, were *also* being waived does not create ambiguity. Specifying that this future period was "include[d]" does not mean that any other period was thereby excluded.

Although we understand Team Hall's argument that the record could be read to demonstrate that the parties intended to bar *only* claims arising in that two-week period, that is not what the release clause says. "When the contractual language is unambiguous on its face, our inquiry ends and the plain language of the Agreement controls." *Coast Fed. Bank, FSB v. United States*, 323 F.3d 1035, 1040–41 (Fed. Cir. 2003) (en banc). Because the plain language of this release clause is unambiguous, there are no ambiguous terms to construe against the drafter. *See Gardiner*, 467 F.3d at 1352. The ASBCA correctly determined that by entering this Contract Amendment, Team Hall waived any claim against the Exchange for the concession contract. We therefore affirm.

**AFFIRMED**

No costs.